UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2019

LETTER TO COUNSEL

      RE:    *Amber G. v. Commissioner, Social Security Administration*;
              Civil No. SAG-18-1311

Dear Counsel:

On May 4, 2018, Plaintiff Amber G. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 16, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial, Plaintiff protectively filed her claim for benefits on June 20, 2014, alleging an onset date of January 15, 2013. Tr. 250-55. Her claim was denied initially and on reconsideration. Tr. 124-37, 139-52. A hearing was held on December 6, 2016, before an Administrative Law Judge ("ALJ"). Tr. 73-100. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-26. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "pectus chest wall deformity, migraine disorder, reactive airway disorder/asthma, carpal tunnel syndrome, degenerative disc disease, scoliosis, syncope episodes, obesity, a knee impairment, panic disorder, borderline intellectual functioning, a mood disorder, attention deficit hyperactivity disorder (ADHD), bipolar disorder, generalized anxiety disorder, major depressive disorder, and personality disorder." Tr. 15. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) with the following limitations: occasional climbing ramps and stairs, no climbing ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching and crawling, and frequent handling with the dominant left hand. She is limited to no exposure to workplace hazards such as unprotected heights and dangerous moving machinery, with no operational control of moving machinery, and only occasional exposure

>to irritants such as fumes, odors, dust, gases, and poor ventilation. Moreover, she is limited to simple, routine tasks, in entry level unskilled work in a low stress position defined as only occasional independent decision making and changes in the work setting, no interaction with the public, and only occasional interaction with coworkers and supervisors.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff had no past relevant work, but could perform other jobs existing in the national economy. Tr. 25-26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

Plaintiff makes two primary arguments on appeal: (1) that the ALJ did not properly consider her diagnosis of fibromyalgia; and (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand under sentence four.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 17. The ALJ's analysis stated:

> The claimant contended that she has limitations in concentrating generally, concentrating longer than 20 minutes before requiring a break, following instructions, and completing tasks. On the other hand, the claimant said that she is also able to play games and she is able to handle her own medical care. Additionally, the medical record showed the claimant had no more than a slight reduction in her ability to pay attention and concentrate on examination.

*Id.* (internal citations omitted).

The RFC analysis contains a summary of Plaintiff's mental health treatment records. Tr. 22-23. The ALJ summarized the records by describing them as reflecting "minimal reports of symptoms, minimal clinical findings, and intermittent and conservative treatment." Tr. 23. In the step three section of the opinion and in the RFC assessment, the ALJ provided no specific analysis regarding his reasons for finding that Plaintiff has a moderate limitation in concentration, persistence, or pace, instead of mild or no limitation, which would be more aligned with the summary quotation above. Although the ALJ is not required by *Mascio* to provide that type of explanation, without one, I am unable to understand the nature of Plaintiff's moderate limitation, and to determine whether the ALJ's RFC assessment had to incorporate specific conditions to accommodate it.[1] In fact, the ALJ offered no explanation as to how any of

---

[1] In fact, nothing in the ALJ's step three analysis refutes Plaintiff's assertion that she cannot concentrate longer than 20 minutes before needing a break. Tr. 17. An ability to play games and to concentrate during isolated tasks within an examination is not inconsistent with her contention that she is limited to concentrating only in 20 minute segments. To the extent the ALJ credits Plaintiff's assertion, further

the limitations included in the RFC assessment were specifically designed to address concentration, persistence, or pace, or whether no such limitations were required. The restriction to "simple, routine tasks, in entry level unskilled work," Tr. 18, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only the inability to perform complex tasks, not the ability to sustain work over a full eight-hour workday. Additionally, the RFC limitations to a "low stress position defined as only occasional independent decision making and changes in the work setting, no interaction with the public, and only occasional interaction with coworkers and supervisors," Tr. 18, appear designed to address Plaintiff's limitations in the three paragraph B criteria other than the ability to concentrate, persist, or maintain pace. *See* 20 C.F.R Pt. 404, Subpt. P, App. 1, § 12.00(E) (providing an example of the ability to understand, remember, or apply information as "using reason and judgment to make work-related decisions," defining the ability to interact with others as the ability to "relate to and work with supervisors, co-workers, and the public," and providing an example of the ability to adapt or manage oneself as "adapting to changes"). Without any analysis provided by the ALJ, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's other argument is less persuasive. Without question, the ALJ did not reference SSR 12-2p while determining that Plaintiff's diagnosis of fibromyalgia was non-severe. Tr. 16. However, an overall review of the medical record does not evidence either a concrete basis for the fibromyalgia diagnosis, which appears only to be contained in isolated notes from a mental health provider, *see, e.g.*, Tr. 395, or any specific treatment for fibromyalgia symptoms. Most of Plaintiff's medical records, listing her historical diagnoses, do not mention fibromyalgia at all. Because the case is being remanded on other grounds, however, the ALJ should use SSR 12-2p to evaluate the fibromyalgia diagnosis, and should determine whether any additional discussion is warranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 16, is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

limitation in the RFC assessment is likely required. To the extent the ALJ discredits Plaintiff's assertion, the ALJ should explain why.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge